UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MANUEL OYOLA, *an individual, and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>LAFAYETTE FEDERAL CREDIT UNION,<br><br>*Defendant.* | Case No. 8:25-cv-03410-DLB<br><br>Related No. 8:25-cv-01006-DLB (In re Lafayette Federal Credit Union Data Breach Litigation) |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S OBJECTION TO CONSOLIDATION**

Defendant Lafayette Federal Credit Union ("Lafayette") respectfully submits this response to Plaintiff Manuel Oyola's ("Oyola") Objection to Consolidation and Application for Relief ("Objection"), Doc. 7. Respectfully, Plaintiff Oyola's Objection should be overruled and this matter consolidated with the related cases already consolidated under the caption *In re Lafayette Federal Credit Union Data Breach Litigation*, No. 8:25-cv-01006-DLB (D. Md.) ("*In re Lafayette Federal*" or the "Related Cases").

Consolidation is fundamentally a mechanism for coordinating related actions to limit complexity, prejudice, inconsistencies, and duplication of litigation. Here, it is undisputed that this and the Related Cases arise from the same data incident. It is also undisputed that these actions involve the same putative class and overlapping claims. Oyola nonetheless argues that his intention to seek remand to state court renders this matter "not ripe" for consolidation. (Doc. 7, p. 3). In so doing, however, Oyola only highlights the common, threshold issues shared between the actions which, respectfully, this Court must address in the first instance. As set forth below, consolidation is appropriate not only to allow this Court to address shared threshold issues together,

1

but also to avoid the prejudice, complexity, and duplication that would result should these patently related matters unnecessarily proceed in parallel litigation.

## ARGUMENT

The parties agree on the applicable standard. Consolidation is a discretionary doctrine. *See* Fed. R. Civ. P. 42(a) (permitting consolidations of actions that "involve a common question of law or fact"). "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Sec. Counselors v. CIA*, 322 F.R.D. 41, 43 (D.D.C. 2017). "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009).

Applying this standard, Oyola argues that he would somehow be "prejudiced" should the matter be consolidated before his forthcoming motion to remand is resolved. To the contrary, Oyola's Objection only further justifies consolidation of this matter. Specifically, Oyola's Objection confirms that: (a) Oyola's primary argument for remand is already pending before this Court in the Related Cases; (b) Oyola's other "bases" for remand are speculative at best; and (c) the benefits of consolidation outweigh any increased "complexity."

**1. The Threshold Issue of Standing Is Already Before the Court in the Related Cases.**

The parties again agree: "there are serious questions about subject matter jurisdiction" in this and the Related Cases. (Doc. 7, p. 3). As this Court is aware, Lafayette has sought dismissal of the Related Cases, and opposed plaintiffs' motion to amend their consolidated complaint, on the grounds that, *inter alia*, plaintiffs in the Related Cases lack Article III standing. (*See* Mem. L.

Supp. Mot. Dismiss at pp. 4–20, *In re Lafayette Federal*, No. 25-1006, ECF 29-1; Opp. Mot. Amend at pp. 3–4, *In re Lafayette Federal*, No. 25-1006, ECF 31). As Oyola acknowledges, "the Court will be obligated to resolve [this issue]." (Doc. 7, p. 3).

To be clear, Lafayette maintains that the plaintiffs across the actions lack Article III standing to proceed before this Court. This position, however, has been challenged and is currently pending. *See* Reply Supp. Mot. Amend pp. 2–6, *In re Lafayette Federal*, No. 25-1006, ECF 32; *cf. Emmett v. Citrix Sys., Inc.*, No. 25-0546, 2025 WL 1919561 (W.D. Pa. July 11, 2025) (finding defendant justified in removing copy-cat action where plaintiffs' Article III standing in related actions remained an open question). Oyola now claims an intention to yet again raise this same issue in his forthcoming motion to remand. Moreover, Oyola acknowledges that it would lead to "conflicting positions" should this Court find he, but not the other plaintiffs, lack Article III standing. (Doc. 7, p. 3). Respectfully, this is precisely the situation in which consolidation is appropriate: absent consolidation, there is a real risk of inconsistent rulings on threshold issues, unnecessary duplication of the Court's and the parties' time and resources, and true complexity and prejudice should Lafayette be required to litigate parallel actions.

**2. Plaintiff Oyola's Remaining "Grounds" for Remand Facially Lack Merit.**

Oyola's remaining remand arguments exhibit glaring weaknesses. Such a problematic motion should not prevent the Court from exercising its discretion to consolidate related cases.

First, Oyola argues that the amount-in-controversy will not satisfy CAFA jurisdiction because the "acceptance rate" of litigation benefits is unlikely to exceed 50%. (Doc. 7, p. 4). But Oyola applies an entirely incorrect standard. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns,*

3

*LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (citation omitted).  Oyola cannot shrink the amount-in-controversy simply because he is unlikely to recover on his claims.

Next, Oyola suggests this Court should decline jurisdiction because, he speculates, a significant portion of the class may be "Maryland residents."  (Doc. 7, p. 4).  As counsel for Oyola has been informed repeatedly, this is false.  To the contrary, only 20% of the putative class maintains Maryland addresses, as evidenced by the mailing list of individuals who received notice of the data incident at issue.  (*See* Doc. 1 ¶¶ 15, 31 (Notice of Removal)).  These names were run through the USPS National Change of Address (NCOA) database to ensure accuracy.  As 20% is far below the one-third threshold required to trigger *any* of CAFA's geography-based grounds to decline jurisdiction, such a request would be futile.  *See* 28 U.S.C. § 1332(d)(3), (4)(A), (4)(B).[1]

**3. Plaintiff Oyola's Remaining Arguments Have No Bearing on Consolidation.**

Oyola supplies three additional, overlapping arguments against consolidation, none of which is relevant to the Court's discretionary inquiry under Rule 42(a):

First, Oyola's core argument is that his forthcoming remand motion precludes consolidation.  (Doc. 7, p. 3).  Tellingly, Oyola provides no case citation to support this proposition, and regardless, consolidation does not prevent plaintiffs from seeking case specific relief where appropriate.  *See* Order Granting Pls.' Mot. Consolidate ¶ 3 (describing how to caption filing where "pleading is not intended to apply to all actions"), *In re Lafayette Federal*, No. 25-1006, ECF 11; *see also Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) ("[C]onsolidation

---

[1]   In passing, Oyola suggests "jurisdictional discovery is appropriate." (Doc. 7, p.4).  But jurisdictional discovery is not available to "conduct a fishing expedition in the hopes of discovering some basis" for jurisdictional arguments. *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).  Further, no jurisdictional discovery should be permitted where the opposing party submits well supported facts as to the class's composition.  *See, e.g.*, *Penn Virginia Operating Co., LLC v. Equitable Prod. Co.*, 466 F. Supp. 2d 718, 719 (W.D. Va. 2006).

does not merge . . . suits; it is a mere matter of convenience in administration, to keep them in step."). Oyola's claim to prejudice by consolidation is, therefore, merely a diversion.

Second, Oyola argues that he has a "substantially different view" of the case's "procedural posture" than the plaintiffs in the Related Cases. (Doc. 7, p. 5). But one plaintiff's view of the case and his particular trial strategy cannot outweigh the need for consolidation of cases that present the exact same factual and legal questions—particularly where, as here, the Court has appointed interim counsel leadership to navigate such differences of opinion. *See* Order Granting Pls.' Mot. Consolidate pp. 5–7 (describing duties of Plaintiffs' Interim Executive Committee Counsel), *In re Lafayette Federal*, No. 25-1006, ECF 11.

Third, Oyola notes that his complaint is the only one to raise Maryland statutory claims. (Doc. 7, p. 5). This again is not enough to justify parallel litigation. It is undisputed that Oyola's claims—including his state-statutory claims—raise factual and legal issues identical to those already brought in the Related Cases. To the extent some additional state-law analysis is needed, this Court is more than able to handle it.

Finally, the balance of interests weighs in favor of consolidation. Consolidation in this case will serve the interests of convenience and economy, and Oyola's declarations of prejudice and confusion are misplaced for all the reasons stated above. Through the Related Actions, this Court can consider the threshold issue of *all* plaintiffs' standing to proceed in federal court—including Oyola's—and if reached, all claims raised.

## CONCLUSION

For the reasons set forth, Lafayette respectfully requests that this Court issue an Order overruling Plaintiff Oyola's objections to consolidation and confirming this matter is consolidated into the Related Actions for all purposes.

Dated: October 31, 2025

              By:    */s/ James Billings-Kang*
                      James Billings-Kang
                      COZEN O'CONNOR
                      2001 M Street NW, Ste. 500
                      Washington, DC 20036
                      T: (202) 280-6483
                      F: (202) 640-5936
                      JBillings-Kang@cozen.com
                      *Counsel for Defendant Lafayette Federal Credit Union*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2025, I electronically filed the foregoing with the Court's electronic filing system, which will send notice of such filing to all attorneys of record:

| | |
|---|---|
| Arnold J. Abraham, Esq. | Eric Menhart, Esq |
| The CyberLaw Group | Lexero Law |
| 220 N. Liberty Street | 80 M St SE, Ste 100 |
| Baltimore MD 21201 | Washington, DC 20003 |
| Phone: (443) 906-3495 | Phone: 855-453-9376 Ext. 101 |
| Abraham@TheCyberLawTeam.com | Eric.Menhart@Lexero.com |

/s/ *James Billings-Kang*
James Billings-Kang